# **HANG & ASSOCIATES, PLLC**
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

March 13, 2019

Jian Hang, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA ECF**
Hon. Robert M. Spector
United States Magistrate Judge
141 Church Street
New Haven, Connecticut 06510

      Re:    Zhao v. Kira Sushi 2, LLC, et al.
              Case No. 3:18-CV-00159-WWE

Dear Hon. Robert M. Spector:

      We are counsel to the Plaintiff. We write to respectfully request that Your Honor approve the settlement and dismiss this action against Defendants Kira Sushi 2, LLC, Hsiang Ya Chiang, Kira Zheng (correct name "Jie Zheng"), Kevin "Hailong" Chen, and Jason Zheng (correct name Jie Wang") (collectively hereinafter referred to as "Defendants").  Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

      **Settlement Amount**

      Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiffs for alleged unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the Connecticut Minimum Wage Act ("CMWA") Gen. Stat. §§ 31-68(a), 31-72.

      Plaintiffs Yi Xin Zhao, Cheng Bin Shang, Bing Wang, Zhi Qiang Wang, Teng Zuo was formerly employed as drivers and delivery people for Defendants' restaurant. Plaintiffs alleged that they worked for Defendants for various period between 2012 and 2018 and that they regularly worked over forty hours per week but were neither paid the minimum and overtimes wages, nor were reimbursed the mileage.

      If Plaintiffs were to prevail on all of their FLSA claims, their unpaid minimum wage and overtime premiums, mileage damages claims, tip ductions and all liquidated damages, would total approximately $$1,296,288.85. Plaintiffs are confident that they can prove their respective allegations through witness testimonies and documentary evidence.

1

Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies. Defendants also maintain that through objective evidence and witness testimony, they would be able to prevail on their defenses. Defendants also argued that the mileage damages claims and wage and hour claims are duplicated and not correctly calculated.

Nevertheless, the parties agreed on the settlement amount of $325,000 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

The gross settlement amount is $325,000.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $109,000.00 with settlement payments to Plaintiff of $216,000.00 which represents the settlement amount to be allocated to Plaintiffs as follows: Bing Wang: $36,495; Yi Xin Zhao: $47,521; Zhi Qiang Wang: $36,049; Cheng Bin Shang: $43,398; Teng Zuo: $52,537 in return for the release of their claims. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged violations of the FLSA and CMWA. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys and a settlement conference before the magistrate judge. The parties agree that the settlement is fair and reasonable.

**Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiffs, the firm will be reimbursed $1,000 in filing fees and other costs of litigation, and retain 33% of the remaining settlement amount of $324,000 as attorneys' fees, which is $108,000. Based on this firm's experience in handling FLSA and CMWA matters, this is a standard and acceptable arrangement for attorneys' fees.

The Court should find that Plaintiffs' counsel's contingent fee arrangement with the Plaintiff is also fair and reasonable. Public policy favors a common fund attorney's fee award in wage and hour cases. *Frank v. Eastman Kodak Co.*, 228 FRD 174, 189 (W.D.N.Y. 2005). Fee awards in wage and hour cases provide incentive to private attorneys to prosecute the claims of those victims of such unfair practices whose wage claims might otherwise be too small to justify. *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120 * 9 (S.D.N.Y. Jan. 7, 2010). If such fee awards were not granted, wage and hour abuses "would go without a remedy because attorneys would be unwilling to take on the risk." *McMahon v. Olivier Cheng Catering & Events, LLC*, 2010 U.S. Dist. LEXIS 18913 *19-20 (S.D.N.Y. Mar. 2, 2010). Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362 at 366, 2013 U.S. Dist. LEXIS 79543 (S.D.N.Y. 2013) (quoting *Wolinsky*, 900 F. Supp. 2d at 336). Courts have found that applying the percentage-of-recovery method is sound policy as it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *In re WorldCom, Inc*. ERISA No. 02 Civ. 4816, 2005 U.S. Dist. LEXIS 28686, at *23-24 (S.D.N.Y. Nov. 21, 2005) citing (*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)). The percentage method also promotes early resolution, s*ee, e.g. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005), and it "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Id*. (internal

citations omitted). Here, the contingent fee arrangement with the Plaintiff clearly aligns Plaintiff and Plaintiff's counsel's interest in the outcome of the litigation.

Attorneys' fees of 33% on FLSA and Connecticut claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents all of the five plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable. Hang & Associates worked on this case since its onset, including interviewing the client, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, conducting legal research, attending court conferences in New Haven, negotiating with opposing counsel, preparing and revising the settlement agreement, and preparing this submission. The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation.

Counsel for the Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

    Respectfully submitted,

    */s/ Jian Hang*
    Jian Hang, Esq.

Cc: All parties on record (via ECF)